## HIGGINS, *Deputy Sheriff*, v. RUTHERFORD.

No. 2203.. Opinion Filed October 15, 1912.

(127 Pac. 416.)

APPEAL AND ERROR—Reversal—Failure to File Brief. Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of this court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Robertson, C.)

*Error from Tulsa County Court;*
*E. J. Gubser, Judge.*

Action by W. R. Rutherford against T. S. Higgins, Deputy Sheriff. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*F. B. Righter,* for plaintiff in error.

Opinion by ROBERTSON, C. This action was originally commenced in the justice court of Tulsa county, and was appealed to the county court, where a judgment was entered against the defendant, Higgins, who brings this proceeding to reverse the same. It seems that a judgment creditor of the defendant in error, W. R. Rutherford, had procured the issuance of an execution out of a justice court, and caused the same to be delivered

to Higgins, the plaintiff in error, who took into his possession the animal which is the subject of this controversy. Rutherford, who was also the judgment debtor, brought this action in replevin in another justice court to recover possession of said animal. A defective affidavit in replevin was filed by Rutherford on June 1, 1909, the day the suit was instituted. On June 2, 1909, Bearman, who with Vandiver, had been joined with Higgins as defendants in the replevin action, gave in his own name a redelivery bond, and retained possession of the animal. Higgins gave no redelivery bond, neither did Vandiver. From the time the redelivery bond was given Bearman made no further appearance in the case. The case-made fails to show whether or not Vandiver was served with summons. He made no appearance by plea or otherwise, and no judgment was entered against either of them, nor were they, or either of them, joined in this appeal, notwithstanding their substantial interests would be prejudicially affected by a reversal of the judgment.

Bearman, it seems, by the giving of the redelivery bond, must have had possession of the animal at the time of the service of the writ, by what authority we cannot say. Final judgment was entered against Higgins; no reference being made therein to Bearman. According to the record, Bearman still has the animal in his possession. Higgins, long after the redelivery bond had been given and accepted, entered a special appearance in the justice court, and moved to quash the writ, for that there was no such affidavit filed in the case as was required by law. This motion was overruled. On appeal the county court permitted plaintiff to amend the affidavit in replevin. We do not know on what theory this amendment was allowed. If the giving of a redelivery bond did not cure the defects in the affidavit, and thereby waive any irregularity in and concerning the same, then the motion to quash the writ and dismiss the action should have been sustained. This action was brought under section 6320, Comp. Laws 1909, which reads as follows:

"An action for this purpose shall not be brought until there is filed in the office of the justice an affidavit of the plaintiff, his agent or attorney, showing, * * * fourth, that it was not

taken in execution on any order or judgment against said plaintiff," etc.

The affidavit in this case alleged that the property had been taken from plaintiff by the defendant, Higgins, "in execution, on a void order of judgment against said plaintiff," etc. If the giving of the redelivery bond was a waiver of any defect in the affidavit, which we are inclined to think it was (section 325, Shinn on Replevin), then there was no necessity for an amendment. If it was not a waiver of such defect, then it was proper to allow the amendment. The condition of the case-made is such that we cannot say whether or not Higgins would be bound by the act of his codefendant in the giving of the redelivery bond.

Plaintiff in error has filed an elaborate brief in support of his contentions, and in compliance with the rules of this court. The defendant in error has failed to file any brief or to offer any excuse for his failure to do so, and it has repeatedly been held that this court will not search the record to find some theory upon which the judgment may be sustained, but that, where the brief filed appears reasonably to support the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error.

We very much dislike to dismiss an appeal, or to reverse a judgment under the rules, but at times such course is imperative. In the case at bar, from the condition of the record, and by failure of defendant in error to appear and file a brief in support of his judgment, we are at a loss to determine what would be the right thing to do, and rather than dismiss the appeal or affirm the judgment, either of which could be done under the rules, we conclude that the judgment should be reversed, and the cause remanded for a new trial, at the costs of the defendant in error, where the errors complained of may be remedied and where justice may be done all parties.

By the Court: It is so ordered.